# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF NEW YORK

Clive Webley,  No. 03-CV-0596 (LEK/DRH)

          Plaintiff,

    v.  **MEMORANDUM AND ORDER**

Dentist Hartmann; Nurse Welch, Morning Nurse; Asst. Dentist Guldan; Nurse Adams;

          Defendants.

---

This matter is before the Court[1] on Defendants' Motion for Summary Judgment. For the reasons that follow, the Motion is granted.

**BACKGROUND**

Plaintiff Clive Webley is an inmate in the custody of the New York State Department of Correctional Services ("DOCS") at Upstate Correctional Facility ("Upstate"). Plaintiff claims that Defendants were deliberately indifferent to his serious medical needs, in violation of the Eighth Amendment.

Specifically, Plaintiff alleges that in December 2002, he experienced "extreme pain" in one of his teeth. He claims that he immediately applied for medical assistance. Plaintiff received Tylenol from Defendants Adams and Welch for the pain. He was also advised by

---

[1] This case was originally assigned to the Hon. Lawrence E. Kahn. Pursuant to an inter-circuit assignment under 28 U.S.C. § 294(d), the undersigned is now the Judge of record in this case.

Defendants Adams and Welch that gargling with warm water would help ease the pain. Plaintiff contends that Defendants Adams and Welch were "indifferent" and "scornful" with respect to his claims.

Plaintiff requested to see a dentist. At some point in December 2002,[2] Defendant Dr. Guldan[3] examined Plaintiff. Dr. Guldan prescribed Amoxicillian to Plaintiff for his tooth pain. Plaintiff was then scheduled for a visit to the dental clinic, where he again was examined by Dr. Guldan. Dr. Guldan concluded that Plaintiff's tooth needed to be extracted, and that Plaintiff would have to return to the dental clinic for an extraction by an oral surgeon. Plaintiff continued to experience pain as he waited for his tooth extraction. On January 29, 2003, Plaintiff's tooth was extracted by Dr. Hoehn, an oral surgeon.

Plaintiff's claims arise from the allegedly deliberately indifferent treatment he received between his initial complaint of pain until his tooth was removed on January 29, 2003. He claims that Defendants Welch and Adams were uncaring, impatient, and unprofessional. In addition, he claims that Defendant Dr. Guldan failed to properly treat him. Finally, he claims that Defendant Hartmann extracted his tooth, and that Dr. Hartmann should have been previously aware of Plaintiff's condition and acted more promptly.

---

[2] The dates alleged in the Complaint do not correspond with the evidence presented by Defendants. Nevertheless, the Court finds these discrepancies immaterial and will therefore broadly describe the events in the light most favorable to Plaintiff. See Fed. R. Civ. P. 56.

[3] Plaintiff improperly spelled Defendant Guldan's name as "Golden" in his Complaint. For accuracy, the Court will refer to this Defendant as Defendant Guldan and modifies the caption to reflect this change.

**DISCUSSION**

**A.      Standard of Review**

Summary judgment is proper if there are no disputed issues of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The Court must resolve ambiguities and draw all reasonable inferences in favor of the nonmoving party. Nora Beverages, Inc. v. Perrier Group of Am., Inc., 164 F.3d 736, 742 (2d Cir. 1998). However, as the United States Supreme Court has stated, "[s]ummary judgment procedure is properly regarded not as a disfavored procedural shortcut, but rather as an integral part of the Federal Rules as a whole, which are designed to secure the just, speedy, and inexpensive determination of every action." Celotex Corp. v. Catrett, 477 U.S. 317, 327 (1986) (quotations omitted).

The moving party bears the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. Id. at 323. A party opposing a properly supported motion for summary judgment may not rest upon mere allegations or denials, but must set forth specific facts in the record showing that there is a genuine issue for trial. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256 (1986). Pro se complaints must be construed liberally. See Branham v. Meachum, 77 F.3d 626, 628-29 (2d Cir. 1996); Estelle v. Gamble, 429 U.S. 97, 106 (1976).

**B.      Exhaustion of Remedies**

Defendants first assert that Plaintiff's claims fail because he did not exhaust his administrative remedies as required by the Prison Litigation Reform Act ("PLRA"). The PLRA states that "no action shall be brought with respect to prison conditions under § 1983 . . . by

3

a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C.A. §1997e(a). The Supreme Court has held that the PLRA's exhaustion requirement applies to all claims brought by prison inmates pursuant to § 1983. Porter v. Nussle, 534 U.S. 516, 524 (2002). To comply with the PLRA's exhaustion requirement, inmates incarcerated in New York must: (1) make a grievance to the Inmate Grievance Resolution Committee ("IGRC"); (2) appeal to the Superintendent; and (3) appeal to the Central Office Review Committee ("CORC"). N.Y. Comp. Codes R. & Regs. tit. 7, § 701.7(a)–(c) (2000).

Plaintiff filed a grievance to the IGRC. However, he did not appeal the denial of this grievance. Plaintiff claims that he was informed that his medical complaint was not grievable, and therefore he did not appeal his denial. Plaintiff further insinuates that his grievance file was "destroyed and replaced" with a falsely created document. However, Plaintiff fails to provide any evidence to support such an assertion, and indeed the record demonstrates that Plaintiff failed to exhaust his administrative remedies. Accordingly, Plaintiff's Complaint must be dismissed for this failure.

In the interests of completeness, however, the Court addresses the merits of Plaintiff's claims, and nevertheless finds that Defendants' Motion must be granted.

**C.      Eighth Amendment**

In order to prevail under 42 U.S.C. § 1983, Plaintiff must demonstrate that an individual acting under color of state law deprived him of a constitutionally protected right. See Washington v. County of Rockland, 373 F.3d 310, 315 (2d Cir. 2004). To be successful

against any one of the Defendants, Plaintiff must establish that: (1) his medical condition was an objectively a serious one; and (2) each Defendant acted with deliberate indifference to his medical needs. Brock v. Wright, 315 F.3d 158, 162 (2d Cir. 2003).

       1.      Objectively Serious Medical Condition

Plaintiff claims that his toothache was an objectively serious medical condition. A serious medical condition contemplates "a condition of urgency, one that may produce death, degeneration, or extreme pain." Hathaway v. Coughlin, 37 F.3d 63, 66 (2d Cir. 1994). Delay in rendering medical treatment does not by itself arise to a constitutional violation; rather, Plaintiff must demonstrate that he suffered substantial harm because of the delay. See Smith v. Montefiore Med. Center-Health Servs. Div., 22 F. Supp. 2d 275, 280 (S.D.N.Y. 1998).

A claim involving inadequate dental care is based on a variety of factors, including the pain suffered by Plaintiff, the deterioration of the teeth due to lack of treatment, or the inability to engage in day to day activities. See Chance v. Armstrong, 143 F.3d 698, 703 (2d Cir. 1998). Indeed, "increased tooth sensitivity and attendant pain experienced over an extended period of time identif[ies] a medical need which a reasonable person would consider to be serious." Reynolds v. Ternullo, File No. 82-CV-4018, 1985 WL 2153, *2 (S.D.N.Y. July 26, 1985).

Plaintiff claims that he suffered extreme pain and that he had difficulty eating and participating in recreational activities. The tenure of Plaintiff's alleged pain was approximately seven weeks, and throughout that time period, Plaintiff was regularly examined by nurses and dentists and received Tylenol, Ibuprofen, and Amoxicillin for his pain. He also had x-rays

taken and was screened for oral cancer.  Despite Plaintiff's complaints, Defendants did not diagnose Plaintiff's condition as one of urgency, and indeed, the record reflects that Plaintiff did not complain about his condition for a period of five weeks.  Plaintiff received the necessary dental care and his tooth was removed.  Plaintiff's complaints are mere disagreements with Defendants' diagnosis and treatment.  See Chance, 143 F.3d at 703. Accordingly, the Court finds that Plaintiff's medical condition was not objectively serious. C.f. Rashid v. Hussain, File No. 95-CV-0676, 1997 WL 642549 (N.D.N.Y. Oct. 15, 1997) (genuine issue of material fact existed as to seriousness of plaintiff's medical condition; plaintiff saw periodontist in May 1989 who recommended surgery as soon as possible, and plaintiff did not receive treatment or surgery until May 1994, and therefore suffered extreme prolonged pain and suffering).

    2.    <u>Deliberate Indifference</u>

Even assuming that Plaintiff's complaints constitute a serious medical need, Plaintiff fails to demonstrate that any of Defendants were deliberately indifferent to this medical need. Plaintiff is not entitled to a "perfect plan for dental care."  Dean v. Coughlin, 804 F.2d 207, 215 (2d Cir. 1986).  However, deliberate indifference may arise by "intentionally denying or delaying access to medical care or intentionally interfering with the treatment once prescribed."  Estelle v. Gamble, 429 U.S. 97, 104-05 (1976). "Deliberate indifference requires more than negligence, but less than conduct undertaken for the very purpose of causing harm." Hathaway, 37 F.3d at 66.  A prison official does not act with deliberate indifference unless that official "knows of and disregards an excessive risk to inmate health or safety."  Id.

The record demonstrates that Plaintiff was examined by Defendants throughout December 2002 and January 2003. He received pain medication, thorough examinations, and a tooth extraction. Although Plaintiff claims that Defendants Adams and Welch were unprofessional and sarcastic, these complaints do not constitute deliberate indifference. Furthermore, Dr. Guldan administered x-rays, screened Plaintiff for oral cancer, prescribed antibiotics and other pain medication, and arranged for Plaintiff's tooth extraction. Although Plaintiff claims that he suffered extreme pain, Defendants did not ignore or disregard Plaintiff's condition. To the contrary, Defendants ensured that Plaintiff received adequate medical care. As the Court has already noted, Plaintiff's disagreement with Defendants' course of treatment is insufficient to amount to a constitutional violation. Accordingly, the Court finds that Plaintiff fails to demonstrate that Defendants Adams, Welch and Guldan were deliberately indifferent.

## D. Defendant Hartmann

The Complaint names Dr. Hartmann as a Defendant. However, there is no evidence that Dr. Hartmann was involved in any way with Plaintiff's medical care. Accordingly, Plaintiff's claims against Dr. Hartmann must be dismissed.[4]

---

[4] Defendants suggest that Plaintiff intended to name Dr. Hoehn, the oral surgeon who removed Plaintiff's tooth, as a Defendant. However, Dr. Hoehn is not a proper party to this action. Furthermore, Plaintiff baldly claims that the surgeon should have known of his medical condition and should have ensured more prompt and efficient medical care. Even if Plaintiff properly named Dr. Hoehn as a Defendant, Plaintiff fails to submit any evidence to support his claim.

### E. Qualified Immunity

Defendants alternatively claim that even if Plaintiff's complaints amount to a constitutional violation, they are nonetheless entitled to qualified immunity. Qualified immunity requires an examination of: (1) whether the facts alleged show that a constitutional right was violated; and (2) whether that right was clearly established at the time of the alleged violation. Even assuming that Plaintiff has demonstrated a violation of a constitutional right, Defendants actions were objectively reasonable in response to Plaintiff's medical complaints. Again, Plaintiff's claims express a disagreement with Defendants' prescribed treatment, and absent more, are insufficient to defeat qualified immunity.

### CONCLUSION

Plaintiff's claims fail as a matter of law. Accordingly, based on all the files, records and proceedings herein, **IT IS HEREBY ORDERED** that Defendants' Motion for Summary Judgment (Clerk Doc. No. 43) is **GRANTED.**

**LET JUDGMENT BE ENTERED ACCORDINGLY**.

Dated: June 27, 2005

                                                s/ Paul A. Magnuson  
                                                Paul A. Magnuson  
                                                United States District Court Judge